UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELIZABETH HARDING WEINSTEIN,

                Plaintiff,

-against-

VILLAGE OF BRIARCLIFF MANOR, *et al.*,

                Defendants.

21-CV-1996 (CS)

ORDER

CATHY SEIBEL, United States District Judge:

       Plaintiff brings this *pro se* action, for which the filing fee has been paid, alleging that Defendants are violating her civil rights.[1] Plaintiff seeks money damages and emergency injunctive relief. For the reasons set forth below, the Court (1) dismisses without prejudice Plaintiff's claims against Briarcliff Manor Village Court Justice Howard T. Code and Assistant District Attorneys David Lauscher, Joyce Miller, and Fred Green; (2) declines under the *Younger* abstention doctrine to intervene in Plaintiff's ongoing state-court proceedings; and (3) declines to issue summonses as to the remaining defendants pending receipt of further information regarding Plaintiff's status.

---

[1] Plaintiff names the following parties as defendants: The Village of Briarcliff Manor; Briarcliff Police Department; Briarcliff Manor Village Justice Howard T. Code; Justice Court Clerk Rori M. Zirman; Village Manager Philip E. Zegarelli; Village Police Officers Cody Wilkinson, Gregory Campus; Lt. (or Chief) Dominick Bueti; Sgt. Thomas Nacke; Det. Fred Galbraith; former Police Chief Donald Gorey; Sgt. William Bassett; Secretary to the Village Manager Maria Pascetta; Mayor Steven A. Vescio; Village Board of Trustees members Edward E. Midgley, Peter E. Chatzky, Kevin Hunt, and Sabine Werner; Plaintiff's court-appointed attorney Marie Vitale; Briarcliff Manor Attorney Daniel Pozin; Assistant District Attorneys David Lauscher, Joyce Miller, and Fred Green.

**STANDARD OF REVIEW**

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Moreover, the Court "has the power to dismiss a complaint sua sponte for failure to state a claim," *Leonhard v. United States,* 633 F.2d 599, 609 n. 11 (2d Cir. 1980), so long as the plaintiff is given notice and "an opportunity to be heard." *Thomas v. Scully,* 943 F.2d 259, 260 (2d Cir.1991) (per curiam); *see also Perez v. Ortiz,* 849 F.2d 793, 797 (2d Cir. 1988); Wright & Miller, *Federal Practice and Procedure* § 1357, at 301 & n. 3. The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

The following allegations are taken from the complaint. On January 4, 2021, Plaintiff went to the Clerk's Office in the Briarcliff Manor Municipal Building to file legal documents in another matter, but Village officials refused to accept her documents. An altercation ensued and Village Manager Philip Zegarelli requested that police remove Plaintiff from the premises for her failure to comply with the mask mandate. (ECF 1, at 10.) Briarcliff Manor Police Chief Bueti, Sergeant Nacke, and Officer Wilkinson responded, and after Plaintiff refused to comply with their order to leave, they arrested her for disorderly conduct. Plaintiff alleges that the arrest was

2

"retaliatory" and effectuated "in the absence of criminal activity with no probable cause." (*Id.* at 13.) Plaintiff further alleges that Wilkinson, Bueti, and Nacke used excessive force in arresting her, including twisting her arms and holding her by the back of her neck while pulling her down stairs.

Plaintiff was then taken to the police station, where she was "chained to the wall in an uncomfortable and restraining way." (*Id.* at 15.) While Plaintiff was detained at the police station, Briarcliff Manor Village Court Justice Howard T. Code came to the station and "had private ex-parte communications" with Wilkinson and Nacke. (*Id.* at 17.) Plaintiff was arraigned by video on January 5, 2021, "while in solitary confinement." (*Id.* at 19.) At some point, Justice Code ordered that Plaintiff undergo a psychiatric examination, remanded her "to prison for seven weeks without cause," and placed her under suicide watch. (*Id.* at 20.) At a hearing on January 8, 2021, Plaintiff was released without bail, but when she refused to "comply with competency exams," she was sent back to her cell and "held in solitary confinement for another four and half to six hours." (*Id.* at 21.)

Plaintiff asserts that her husband Brian Stryker Weinstein, an attorney who is also named as a defendant, "has been using his inner workings of the Westchester Judiciary" to have the judges, police officers, and district attorneys "discredit" Plaintiff in order to "provide a cover for [her husband's] nefarious actions, abuse of process, and domestic violence thus far." (*Id.* at 20.)

In the complaint, Plaintiff seeks damages and injunctive relief, including recusal of Judge Code and "[d]ismissal of arrest charges against Plaintiff." (*Id.* at 33.)

On March 9, 2021, Plaintiff filed a document captioned "Motion for Injunctive Relief: Emergency Access to Court Requested." (ECF 3.) In the motion, she requests "emergency access to the Court to be heard on the incredible and egregious constitutional rights violations by

3

Defendant JUDGE HOWARD T. CODE for injunctive relief as Defendant JUDGE HOWARD T. CODE continues to desecrate my constitutional rights and exert further coercive control over my life." (*Id.* at 2) (capitalization in original). Plaintiff states that Justice Code "is attempting to hold 'competency hearings' without grounds and without proper notice, to exert control over me and my ability to properly defend my rights." (*Id.* at 3.) In her motion, Plaintiff seeks a "[s]tay on all [o]rders issued by" Justice Code "as they relate to Plaintiff." (*Id.* at 4.)

On March 11, 2021, Plaintiff filed another "Motion for Immediate Injunctive Relief" in which she alleges that she is the "victim of severe narcissistic abuse by defendants Brian Stryker Weinstein, District Attorney David Lauscher, Judge Howard T. Code, and the Briarcliff Manor Police."[2] (ECF 5, at 1.) Plaintiff writes that she seeks "immediate injunctive relief for an emergency stay on an unlawful imprisonment and involuntary commitment order issued by Defendant Judge Howard T. Code on March 9, 2021 in Briarcliff Manor Village Court." (*Id.* at 1-2.) She alleges that she has not seen a copy of Justice Code's order and maintains that she was not "allowed an opportunity to be fully heard" or permitted to have counsel present. (*Id.* at 2.) Plaintiff asserts that she is "of no threat to [herself] or others, not suicidal or homicidal in any way," and that Justice Code "issued the order to discredit, punish and silence an articulate pro se litigant." (*Id.* at 2-3.)

Also on March 11, 2021, the Court received another letter from Plaintiff in which she repeats her previous allegations and asserts that Justice Code's involuntary commitment order was issued in retaliation for Plaintiff's filing of this federal action. (ECF 6.) Plaintiff also asserts

---

[2] Plaintiff's motion is handwritten and uses irregular capitalization. For readability, the Court uses standard capitalization when quoting from the motion.


in her letter that medical staff at the hospital in which she is committed are forcing her to take medication. Plaintiff reiterates her request to be immediately released from commitment.

## DISCUSSION

### A.   *Younger* abstention

To the extent that Plaintiff seeks to have this Court intervene in any pending state-court proceedings, the Court must dismiss those claims. In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court may not enjoin a pending state-court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973) (citing *Younger*, 401 U.S. 37). This doctrine has been extended to civil actions. *See Kaufman v. Kaye*, 466 F.3d 83, 86 (2d Cir. 2006); *Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002) ("*Younger* generally requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings."). Thus, *Younger* abstention is appropriate in only three categories of state court proceedings: (1) state criminal prosecutions; (2) civil enforcement proceedings that are "akin to criminal prosecutions"; and (3) civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint Commc'n, Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013).

Here, Plaintiff asks the Court to intervene in her ongoing criminal proceedings and related competency proceedings. Beyond her conclusory assertions of retaliation and conspiracy, Plaintiff has alleged no specific facts showing bad faith, harassment, or irreparable injury with respect to her pending state-court criminal proceeding. The Court will therefore not intervene in Plaintiff's ongoing state-court proceedings and denies her motions for emergency injunctive relief (ECF 3, 5).  Plaintiff's remedy, if the state court erred, lies with the state appellate process.

5

**B.      Claims against Justice Code**

The Court must dismiss Plaintiff's claims against Justice Code. Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, as amended in 1996, § 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiff's claims against Justice Code arise out of the judge's rulings while presiding over Plaintiff's state-court proceedings. Such rulings and actions were within the scope of Justice Code's judicial capacity and jurisdiction. The Court therefore dismisses Plaintiff's claims against Justice Code under the doctrine of judicial immunity and as frivolous. *See Neitzke,* 490 U.S. at 325 (stating that a claim is frivolous if it "lacks and arguable basis either in law or in fact"); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke*, 490

6

U.S. at 327)); *see also Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the *in forma pauperis* statute].").

C.   **Claims against Assistant District Attorneys Lauscher, Miller, and Green.**

The Court must also dismiss Plaintiff's claims against Assistant District Attorneys Lauscher, Miller, and Green. Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "intimately associated with the judicial phase of the criminal process." *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (holding that absolute immunity is analyzed under "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it"). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009).

Here, Plaintiff's claims against Defendants Lauscher, Miller, and Green are based on actions within the scope of their official duties and associated with the conduct of a trial. Therefore, these claims are dismissed because they seek monetary relief against a defendant who is immune from suit and as frivolous. *See Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

D.   **Plaintiff's competency and claims against remaining defendants**

It appears from Plaintiff's filings that she is undergoing or has undergone a mental competency examination pursuant to Article 730 of the New York State Criminal Procedure

7

Law.³ (*See* ECF 1, at 20.) But whether Plaintiff has been formally adjudicated incompetent is unclear at this time. Under Federal Rule of Civil Procedure 17(c)(2), a person who is adjudicated incompetent and who does not have a duly appointed representative may only sue by a next friend or *guardian ad litem*. Courts are generally prohibited from "mak[ing] a merits determination of claims filed on behalf of a minor or incompetent person who is not properly represented." *Berrios v. New York City Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009). In an abundance of caution, the Court dismisses Plaintiff's claims against Justice Code and ADAs Lauscher, Miller, and Green without prejudice. *See id.* at 135 (courts should dismiss without prejudice claims of incompetent persons who appear without a guardian *ad litem* or counsel). Because the Court dismisses Plaintiff's claims against Justice Code and ADAs Lauscher, Miller, and Green without prejudice, and abstains from intervening in Plaintiff's ongoing state-court proceedings, the Court need not address the issue of Plaintiff's competency at this time.

The Court will consider Plaintiff's claims against the remaining defendants in a subsequent order, and pending receipt of further information regarding Plaintiff's status. No summonses will issue at this time.

## CONCLUSION

Plaintiff has consented to receive electronic service of Court filings. (ECF 2.)

The Court denies Plaintiff's motions for emergency injunctive relief (ECF 3, 5) under the *Younger* abstention doctrine.

The Court dismisses Plaintiff's claims against Justice Code without prejudice under the doctrine of judicial immunity and as frivolous.

---

³ Article 730 of the New York Criminal Procedure Law provides that any time the court is of the opinion that the defendant may be an incapacitated person, the court must order a psychiatric examination. *See* N.Y. Crim. Pro. L. § 730.30.

The Court also dismisses Plaintiff's claims against Assistant District Attorneys Lauscher, Miller, and Green without prejudice under the doctrine of prosecutorial immunity and as frivolous.

Plaintiff's claims against the remaining defendants will be addressed in a subsequent order. No summonses shall issue at this time.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   March 17, 2021
         White Plains, New York

_____
CATHY SEIBEL
United States District Judge

9