UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ELIZABETH HARDING WEINSTEIN,

                                   Plaintiff,                 **ORDER**

      - against -                                                No. 21-CV-1996 (CS)

VILLAGE OF BRIARCLIFF MANOR, *et al.*,

                                  Defendants.
-------------------------------------------------------------x

Seibel, J.

      Plaintiff's motions to recuse, (Docs. 10, 16-18), are DENIED. Recusal is required under 28 U.S.C. § 455(a) where the judge's "impartiality might reasonably be questioned."

> To be disqualifying under § 455, the alleged bias and prejudice must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge has learned from his participation in the case. Opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. . . . Accordingly, recusal is not warranted where the only challenged conduct consists of judicial rulings, routine trial administration efforts, and ordinary admonishments to counsel and to witnesses, where the conduct occurs during judicial proceedings, and where the judge neither (1) relies upon knowledge acquired outside such proceedings nor (2) displays deep-seated and unequivocal antagonism that would render fair judgment impossible.

*S.E.C. v. Razmilovic*, 738 F.3d 14, 29-30 (2d Cir. 2013) (cleaned up), *as amended* (Nov. 26, 2013).

      Plaintiff alleges nothing even approaching the required standard. She seems convinced that the Court engaged in improper *ex parte* communication with counsel for the Village of Briarcliff Manor, but there is nothing improper about ascertaining if an entity has counsel and whether that counsel will accept service of a court order. Nonsubstantive communications that are administrative or procedural in nature and do not affect the merits or give any party an

advantage are not improper and do not warrant recusal. *See, e.g.*, *Omari v. Ras Al Khaimah Free Trade Zone Auth.*, No. 16-CV-3895, 2017 WL 2271536, at *3-4 (S.D.N.Y. May 1, 2017); *United States v. Feneziani*, No. 05-CR-290, 2007 WL 2176490, at *3 (W.D.N.Y. July 27, 2007); *United States v. Helmsley*, 760 F. Supp. 338, 345 (S.D.N.Y. 1991), *aff'd*, 963 F.2d 1522 (2d Cir. 1992); *In re Parr Meadows Racing Ass'n, Inc.*, 5 B.R. 564, 566-67 (Bankr. E.D.N.Y. 1980), *aff'd sub nom. In re Parr*, 13 B.R. 1010, 1016-19 (E.D.N.Y. 1981).[1]

I am confident that a person of Plaintiff's intelligence can understand that the administration of justice would be impossible if litigants could oust a judge because they did not like her rulings, and that therefore Plaintiff should not waste her time, or the Court's, filing motions on such a basis in the future. *See, e.g.*, *In re Evergreen Sec., Ltd.*, 570 F.3d 1257, 1274 (11th Cir. 2009) ("[A] recusal motion is an improper vehicle to dispute disagreeable adverse rulings. It is a clear abuse of such a pleading."); *Sassower v. Abrams*, 833 F. Supp. 253, 267 (S.D.N.Y. 1993) ("Disagreement with a court's rulings in an action cannot serve as a basis for recusal.") (cleaned up).

Plaintiff is reminded that the Court has not made any determinations regarding her competency and is merely undertaking an inquiry as required by *Lewis v. Newburgh Housing Authority*, 692 F. App'x 673 (2d Cir. 2017) (summary order), *as amended* (July 6, 2017), in light of the facts – brought to the Court's attention by Plaintiff – that Plaintiff has recently been found incompetent by another court and involuntarily hospitalized. (*See* Docs. 5-6, 10.)

---

[1] The Court will send Plaintiff copies of all unreported cases cited in this Order.

Finally, for the information of Plaintiff and perhaps the Court of Appeals, the orders Plaintiff specifies in her Notice of Appeal, (Doc. 13), have been complied with. The Court will maintain the responsive documents under seal.

**SO ORDERED.**

Dated: April 30, 2021
      White Plains, New York

                                                            _____
                                                            CATHY SEIBEL, U.S.D.J.