UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ELIZABETH HARDING WEINSTEIN,

                     Plaintiff,

- against -

VILLAGE OF BRIARCLIFF MANOR, *et al.*,

                     Defendants.
-----------------------------------------------------------x
ELIZABETH HARDING WEINSTEIN,

                     Plaintiff,

- against -

JUDGE ROBERT J. MILLER, *et al.*,

                     Defendants.
-----------------------------------------------------------x

**ORDER**

Nos. 21-CV-1996 (CS),
21-CV-4543 (CS)

Seibel, J.

      By Order dated October 15, 2021, (No. 21-CV-1996 ECF No. 63; No 21-CV-4543 ECF No. 18), the Court ordered that Kenneth L. Bunting, Esq. – who was duly appointed in a proceeding pursuant to New York Mental Hygiene Law article 81 to serve as Guardian of the Property of Plaintiff, with the authority to, among other things, prosecute, discontinue, defend, settle, and compromise civil actions on behalf of Plaintiff – advise the Court (1) whether he intends to pursue the claims in No. 21-CV-1996, and (2) whether he objects to dismissal of No. 21-CV-4543 with prejudice. The Court received the attached letter, in which Mr. Bunting answers both inquiries in the negative. He also requests that "any future claims offered for filing by, or on behalf of [Plaintiff], not originating from [his] office, or from an attorney who has filed a notice of appearance, be declined."

Based on the foregoing, and the full record in the respective cases, the Complaint in No. 21-CV-1996 is dismissed as withdrawn, and the Complaint in No. 21-CV-4543, previously dismissed without prejudice, is hereby dismissed with prejudice.

The Clerk of Court is respectfully directed to:

1) docket this Order in both of the above cases;

2) revoke Plaintiff's electronic filing privileges in No. 21-CV-1996;

3) close No. 21-CV-1996;

4) send a copy of this Order to Mr. Bunting at the address on the attached;[1] and

5) as long as the order appointing a Guardian of the Property for Plaintiff remains in effect, decline to accept for filing any documents from Plaintiff or from anyone acting on her behalf other than Mr. Bunting or a lawyer who has filed a notice of appearance.

**SO ORDERED.**

Dated: October 28, 2021
White Plains, New York

*Cathy Seibel*
CATHY SEIBEL, U.S.D.J.

---

[1] Mr. Bunting shall send a copy of this Order to Plaintiff.

Law Offices of
# KENNETH L. BUNTING
Attorney-at-Law

KENNETH L. BUNTING, ESQ.
KLBunting@klbesq.com

125 Dobbs Ferry Road
White Plains, New York 10607-2004
(914) 682-8837 X-101

October 28, 2021

Hon. Cathy Seibel, U.S.D.J.
U.S. District Court - SDNY
300 Quarropas Street
White Plains, New York 10601

re: Matters of Elizabeth H. Weinstein v. All
    Docket Nos. 21-CV-04543-CS & 21-CV-01996-CS

Honorable Judge Seibel:

Pursuant your Order issued on October 18, 2021, let the following be the answers and responses to the above applications, previously filed pro se by Ms. Weinstein.

By your Order I presume the Court is well aware of how I am involved in this matter and what my specific role is in connection with Ms. Weinstein. It should be noted that my role as guardian is limited to all matters **except** those involving the "person" of Ms. Weinstein. As such, I have the task of trying to marshal those issues which fall under the umbrella of my duties, the above-named cases being such issues. I am aware, as is Ms. Weinstein, that all legal matters in which she is involved are all electronically filed. As such, I am confident that she is aware, not necessarily knowledgeable, of the issues she has raised and the problems she has caused.

Although verbose, her pleadings are not in the nature of a legal complaint but fall more along the lines of disjoined thoughts, wholly consistent with the numerous pleadings that have been raised in the various State Court proceedings. Except for the Article 81 proceedings, none of her other cases have been exhausted at the State level.

To date, all communication from, to, or with Ms. Weinstein has been less than effective on all manner of issues, the above included. Accordingly, responding to the Court, I have thoroughly read her pending complaints. As Legal Guardian for Ms. Weinstein, I do not intend to continue to prosecute either of the actions currently pending in this or any Federal Court, particularly the above. Accordingly, I do not oppose 21-CV-1996 being dismissed with prejudice. Additionally, as the Court has already dismissed 21-CV-4543, with prejudice, I have no objection. I do not intend to raise any further objections or appeals in connection with either.

Finally, I specifically request that any future claims offered for filing by, or on behalf of, Ms. Weinstein, not originating from my office, or from an attorney who has filed a notice of appearance, be declined.

Respectfully Submitted,

Kenneth L. Bunting

cc. E. Weinstein – VIA – ECF